UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORIAH PROPERTIES, LLC,<br><br>                             Plaintiff,<br><br>v.<br><br>GERALD STOUTENBURG, and DOES 1 through 10,<br><br>                            Defendants. | Case No.: 18-CV-2461-AJB-NLS<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 2)** |

On October 25, 2018, Defendant Gerald Stoutenburg ("Defendant"), acting *pro se*, filed a notice of removal, (Doc. No. 1), and application to proceed *in forma pauperis*, (Doc. No. 2). The notice of removal seeks to remove an unlawful detainer proceeding initiated in San Diego Superior Court by Plaintiff Moriah Properties, LLC ("Plaintiff"). (Doc. No. 1.) For the reasons set forth below, the Court *sua sponte* **REMANDS** the action to San Diego Superior Court for lack of subject matter jurisdiction and **DENIES AS MOOT** Defendant's application to proceed *in forma pauperis*. (Doc. No. 2.)

///

1

18-CV-2461-AJB-NLS

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 566–67.

"[F]ederal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**DISCUSSION**

A. Untimely Removal

Defendant was served the complaint on September 11, 2018 and the summons on September 13, 2018. (Doc. No. 1-2 at 37.) Defendant filed a notice of removal on October 25, 2018. (Doc. No. 1.) Defendant's notice of removal was filed over thirty days past the deadline required by 28 U.S.C. § 1446(b)(1), and less than two weeks before the scheduled trial date. Therefore, Defendant's notice of removal was untimely.

B. Jurisdiction

As set forth in the notice of removal, Defendant alleges the Court has federal question jurisdiction over the present action. (Doc. No. 1 ¶¶ 5–16.) Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. Const. art. III, § 2, cl. 1. Jurisdiction in a federal question case is "governed by the 'well-pleaded complaint rule,' which provides

that federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921). Accordingly, the federal question may not be aided by the notice of removal, *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936), nor may a case be removed on the basis of a federal defense, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987), or counterclaim, *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002).

Defendant's entire assertion of federal question jurisdiction is based upon the argument that Plaintiff has artfully pled a federal Protecting Tenants at Foreclosure Act ("PTFA") claim disguised as an unlawful detainer action. (Doc. No. 1 ¶¶ 5–16.) However, the face of Plaintiff's complaint alleges only a single claim for unlawful detainer, which is a California state law cause of action. (Doc. No. 1-2.) *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.").

Defendant's contention that Plaintiff's right to relief rests on the resolution of an embedded federal PFTA question, (Doc. No. 1 ¶ 9), likewise carries no clout. As stated, the complaint invokes only state unlawful detainer law. While PFTA may provide Defendant with a defense to the unlawful detainer claim,[1] federal question jurisdiction cannot be predicated upon a defense to the complaint; rather, the complaint itself must raise

---

[1] While Defendant argues that "PFTA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord," (Doc. No. 1 ¶ 15), nothing on the face of the complaint suggests he is being ejected because the former landlord was foreclosed upon. Rather, the complaint states Plaintiff instituted the unlawful detainer proceedings because Defendant was not a tenant or subtenant and did not rent the premises on any basis, but rather, Defendant was a holdover occupant of the premises and in wrongful possession without the consent of Plaintiff. (*See* Doc. No. 1-2 at 3 ¶ 5–6.)

the federal question. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) ("the existence of a defense based upon federal law is insufficient to support [federal question] jurisdiction," (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–12 (1983))).

Finally, to the extent Defendant contends that PFTA preempts state-law unlawful detainer actions, (Doc. No. 1 ¶ 6), "[h]e is incorrect. The PTFA creates no cause of action allowing for evictions, either explicitly or implicitly." *Wescom Credit Union*, 2010 WL 4916578, at *3. For all these reasons, the Court finds that Plaintiff's complaint neither explicitly invokes federal law nor "necessarily raise[s] a stated federal issue, actually disputed and substantial" that the Court "may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

## CONCLUSION

Based on the foregoing, the Court *sua sponte* **REMANDS** this action in its entirety to San Diego Superior Court. Because the Court remands this action pursuant to its "independent obligation to examine [its] own jurisdiction," *FW/PBS, Inc.*, 493 U.S. at 231, the Court **DENIES AS MOOT** Defendant's application to proceed *in forma pauperis*. (Doc. No. 2.)

**IT IS SO ORDERED.**

Dated: October 31, 2018

Hon. Anthony J. Battaglia
United States District Judge